IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-108-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| COREY JERMINE WHITNEY, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion to suppress (DE #18), filed October 17, 2008. United States Magistrate Judge David W. Daniel conducted an evidentiary hearing on December 5, 2008, and entered memorandum and recommendation (M&R) on December 22, 2008, recommending that defendant's motion be denied. Defendant filed objections to the M&R to which the government did not respond. The matter is now ripe for ruling.

STATEMENT OF THE CASE

Defendant Corey Jermine Whitney is charged in a three-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924, possession with intent to distribute more than five grams of cocaine base and a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c).

Defendant filed motion to suppress on October 17, 2008, requesting the court enter order suppressing any and all evidence resulting from the law enforcement seizure of his person and automobile, a black Cadillac Escalade, on September 14, 2007, as well as any statements made by

defendant as a result of that seizure. On October 29, 2008, the government responded to defendant's motion, requesting that the court hold an evidentiary hearing so that the facts could be more fully determined.

This court referred the matter to the Honorable David W. Daniel, United States Magistrate Judge. Magistrate Judge Daniel conducted an evidentiary hearing on December 5, 2008, where Agents John Jeffrey Canady and Jason Guseman of the Johnston County Sheriff's Office testified to the facts and circumstances of the stop. At the hearing, counsel for the government and defendant presented argument on the motion to suppress. On December 22, 2008, Magistrate Judge Daniel entered M&R recommending that the motion to suppress be denied. In objections filed January 7, 2009, defendant contends that several of the findings of fact in the M&R are not supported by the record, and also contests the magistrate judge's conclusion as to when the seizure ended.

DISCUSSION

The court makes a *de novo* determination of those portions of the M&R to which objection is made, and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A. Findings of Fact

Defendant objects to three of the findings of fact in the M&R. Defendant contends (1) that the record does not clearly state when Officer Canady handed back the defendant's driver's license, (2) that the record does not support a finding of fact that Officer Canady gave defendant a verbal warning about the tinted license plate cover, and (3) the finding of fact that it takes about ten to fifteen minutes to process someone for an improper license plate cover is erroneous.

Upon *de novo* review of the transcript of the evidentiary hearing, the court denies defendant's

2

factual objections. With regard to the first objection, Officer Canady testified at the evidentiary hearing, "I checked Mr. Whitney's driver's license to be sure they were valid and be sure he didn't have any outstanding warrants. Then we approached the vehicle, handed Mr. Whitney his license back, and asked him if he could step out so I could show him the tinted cover that he would need to take off so it wouldn't obscure the view of his license plate." (Trans., pp. 9-10.) This testimony is consistent with the finding of fact that "Officer Canady determined that Defendant's license was valid and that he had no outstanding warrants. . . . Officer Canady then again approached the Escalade. He gave back Defendant's license." (M&R, p. 3.)

Defendant's factual objection concerning Officer Canady's warning to defendant about the license plate cover is also without merit. On cross-examination at hearing, Officer Canady testified that he did not give defendant a ticket or formal warning for the license plate cover, but instead "gave him a verbal warning." (Trans., p. 30.) This supports the finding of fact that "Officer Canady gave Defendant a verbal warning about the license plate cover." (M&R, p. 3.)

In addition, the finding of fact as to how long it generally takes to process someone for an improper license plate cover is supported by the record. When Officer Canady was asked at hearing how long it would take to write a warning for having an improper license plate cover, he responded that it would take ten to fifteen minutes. (Trans., p. 29.) This supports the finding of fact that "it takes about ten to fifteen minutes to process someone who has an improper license plate cover, and issue either a warning or a ticket." (M&R, p. 4.)

After conducting *de novo* review of defendant's specific objections to the findings of fact in the M&R and determining them to be without merit, the court hereby ADOPTS the recitation of facts as provided in the M&R as its own.

3

B. Legal objections

The magistrate judge concluded that the defendant's seizure ended when Officer Canady returned defendant's license to him and gave him a verbal warning regarding the license plate cover. After returning defendant's license, Officer Canady requested that defendant step outside to look at the license plate cover, and while outside asked for defendant's consent to a search of his person. Defendant objects to the finding that the detention had ended at the point of the request, arguing "[n]o reasonable person, sitting in a vehicle stopped by two undercover officers, would believe that he could simply drive away from the officer standing next to his driver door, when 'asked' to step outside the vehicle and walk to the rear to examine the license plate cover." (Def's Obj., p. 2.)

Upon independent review of the relevant Fourth Circuit precedent, the court finds that the M&R's determination that the seizure had ended at the time Officer Canady asked the defendant to step outside the car is proper. Circumstances where the defendant would "feel free to go, but stays and has a dialogue with the officer, are considered consensual, and therefore do not implicate the Fourth Amendment." United States v. Weaver, 282 F.3d 302, 309 (4th Cir. 2002). The Fourth Amendment does not require police officers executing traffic stops to inform motorists that they are free to go before engaging in consensual interrogation. Ohio v. Robinette, 519 U.S. 33, 39-40 (1996). The court's determination of whether a reasonable person would feel free to leave is based on a totality of the circumstances test, where amongst the factors the court considers are "the time, place and purpose of the encounter, the words used by the officer, the officer's tone of voice and general demeanor, the officer's statements to others present during the encounter, the threatening presence of several officers, the potential display of a weapon by an officer, and the physical touching by the police of a citizen." Weaver, 282 F.3d at 310. An officer's "retention of a citizen's

4

identification or other personal property or effects is highly material under the totality of the circumstances analysis." Id.

In United States v. Sullivan, the defendant argued that a police officer's questions concerning the contents of the defendant's car after the police officer had stopped defendant for a missing front license plate exceeded the scope of the stop, and thus any evidence obtained as a result of that questioning should be suppressed as fruit of the poisonous tree. 138 F.3d 126, 132 (4th Cir. 1998). The Fourth Circuit rejected that argument on the grounds that the stop had ended at the time the officer questioned the defendant, and thus the officer's questions took place in the context of a consensual dialogue rather than the detention of the defendant. Id. at 133. In holding that the conversation was consensual, the court noted there was no indication of physical force or outward display of authority that indicated detention on the part of the officer, that the defendant remained in his own car throughout the dialogue, and that the officer did not question the defendant until "after he had returned [defendant's] license and registration, thus ending the traffic stop and affording [defendant] the right to depart." Id. at 133.

With regard to Officer Canady's request that defendant step out of the car to look at the license plate cover, the circumstances were the same as those in Sullivan. Defendant's license had been returned, there was no display by the officer indicating defendant was under detention, and defendant had remained in his own car up until that point. Accordingly, the court finds that at the time the officer asked defendant to look at the license plate cover, the traffic stop had ended and the conversation was consensual. Shortly thereafter, when Officer Canady asked permission to search defendant's person, the only change in circumstances was that defendant was no longer in his own car. That the defendant was outside of his car at the request of the officer, however, does not change

5

the nature of the conversation in question from a consensual one to one where the defendant was being detained. In United States v. Lattimore, the Fourth Circuit held that an officer's questioning of a defendant regarding the presence of narcotics did not occur during the course of a traffic stop, even though the defendant was sitting in the police officer's car at the time of the questioning. 87 F.3d 647, 653 (4th Cir. 1996). The court found the dialogue to be consensual because it did not occur "until after the officer had issued the citations and returned [defendant's] driver's license, indicating that all business with [defendant] was completed and that he was free to leave." Id. Certainly a reasonable person standing outside one's car could not feel any less free to go than a person seated in an officer's patrol car at the time of questioning, as was the defendant in Lattimore.

Upon *de novo* review and considering the totality of the circumstances, this court concurs with the finding of the magistrate judge that defendant was not being detained when Officer Canady asked to search defendant. Accordingly, the court takes up and considers defendant's alternate objection, which is that defendant's possession of a large amount of cash and apparent nervousness did not justify the decision to re-seize the defendant and detain him until a canine arrived. Defendant offers no argument to support this assertion, and the court finds that any issue raised by the objection is adequately addressed by the relevant discussion on page 11 of the M&R.

## CONCLUSION

For the reasons stated above, the court ADOPTS the magistrate judge's well-considered M&R as its own, and defendant's motion to suppress (DE #18) is accordingly DENIED.

SO ORDERED, this the 10th day of April, 2009

LOUISE W. FLANAGAN
Chief United States District Judge